IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIE STREATER, | ) |
|     Plaintiff, | ) No. 19 C 780 |
| v. | ) Magistrate Judge M. David Weisman |
| COOK COUNTY SHERIFF THOMAS J. DART, in his official capacity, et al, | ) |
|     Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

In his third amended complaint,[1] plaintiff asserts 42 U.S.C. § 1983 claims against Cook County Corrections Officer Shari Payne, Dr. Matthew E. Doscher, and Cook County for their alleged violations of his Fourteenth Amendment rights. Defendants have filed a Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss the claims asserted against Doscher and the County. For the reasons set forth below, the Court grants the motion in part.

**Facts**

On October 25, 2018, plaintiff, a detainee at Cook County Jail, told defendant Payne that another detainee, Earl Cross, had threatened his life, and asked Payne for protection. (3d Am. Compl., ECF 72 ¶¶ 5, 10.) Payne told plaintiff to enter the interlock and allowed Cross to enter as well. (*Id.* ¶ 11.) Once they were in the interlock, Cross attacked plaintiff, breaking bones in plaintiff's nose and jaw. (*Id.* ¶¶ 11, 15-17.)

On November 1, 2018, plaintiff had surgery "to reduce facial and nasal fracture[s]." (*Id.* ¶ 19.) Subsequently, plaintiff suffered from migraines, nose bleeds and burning eyes, and on

---
[1] ECF 72, incorrectly titled "Second Amended Complaint."

December 18, 2018, he was examined for these complaints by defendant Doscher. (*Id.* ¶ 20.) Doscher recommended that plaintiff see an ophthalmologist and a neurologist and noted that plaintiff could take tramadol for pain pending a neurological evaluation. (*Id.*)

Despite his ongoing complaints, plaintiff did not see an eye doctor until April 17, 2019, and a neurologist until September 16, 2019. (*Id.* ¶¶ 21-22.) The neurologist diagnosed tension headaches and prescribed acetaminophen for plaintiff. (*Id.* ¶ 22.)

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570).

In Counts II and III, plaintiff asserts that the County is liable for his injuries pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978). To state a viable *Monell* claim, plaintiff must allege that his injuries were caused by: (1) one of the County's express policies; (2) a practice that is so widespread and permanent that it constitutes a custom or practice; or (3) action by a person with final policymaking authority. *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir.), *cert. denied*, 140 S. Ct. 51 (2019). Plaintiff does not identify an express County policy or final policymaker that caused his alleged injuries. Rather, he alleges that it was

the County's failure to establish appropriate policies that was the culprit. (ECF 72 ¶ 36.) "*Monell* liability can arise from a policy of inaction" but only if the municipality is aware of the risk inaction poses either from "a pattern of past similar violations" or because the risk of harm is so obvious. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 379, 381 (7th Cir. 2020). The omissions of which plaintiff complains are the County's alleged failure to: (1) "physically separate detainees who were in conflict;" (2) "physically separate detainees who were under threat from that threat"; (3) "offer a safe forum to a detainee for discussing a threat from another detainee with a correctional officer"; and (4) "establish a process for adequate follow-up medical care for persistent [medical problems]."[2] (ECF 72 ¶ 36.)

The Court agrees with plaintiff that the first three alleged omissions present a risk of harm so obvious that the single instance of each alleged by plaintiff is sufficient to state a *Monell* claim against the County. See *Connick v. Thompson*, 563 U.S. 51, 64 (2011) (noting "the possibility, however rare, that the unconstitutional consequences of failing to train could be so patently obvious that a city could be liable under § 1983 without proof of a pre-existing pattern of violations"); *Glisson v. Ind. Dep't of Corrs.*, 849 F.3d 372, 382 (7th Cir. 2017) (en banc) (holding that a municipal entity could be held liable under *Monell* for the death of one chronically-ill inmate because it failed to establish protocols for coordinating care for such inmates despite the obvious risk that the lack of protocols posed); *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 929 (7th Cir. 2004) (upholding a jury verdict on a *Monell* claim against a jail healthcare provider for an inmate's suicide because the training on suicide prevention was so inadequate that a constitutional violation was a "highly predictable consequence of [the provider's] failure to act"). Defendants do not meaningfully address this line of cases, or the plaintiff's argument in support

---

[2] The Court reasonably inferred the bracketed language, which does not appear in paragraph 36, from the allegations in the remainder of the complaint.

of his *Monell* claim. Rather, defendants cite to *Sivard, v. Pulaski County,* 17 F.3d 185, 188 (7th Cir. 1994) for the general proposition that the Seventh Circuit has held a single incident is not enough to claim there was an unconstitutional widespread practice at stake. (ECF 86 at 6.) True, *Sivard* is support for this general proposition, but *Sivard* does not address the theory of liability described in *J.K.J v. Polk County*, and which the plaintiff properly relies on here to assert his *Monell* claim.

The situation is different for plaintiff's medical care *Monell* claims. Plaintiff affirmatively alleges that he was examined by an eye doctor three times and a neurologist twice, as defendant Doscher recommended, and was prescribed pain-relieving medication, albeit apparently not the medication of his choice. (3d Am. Compl., ECF 72 ¶¶ 20-22.) Thus, he has not alleged that the County denied him follow-up medical care, let alone that it had a pattern of failing to do so, a flaw that dooms his *Monell* medical claims and his Count III denial-of-medical-care claim asserted against defendant Doscher, individually. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015) (a claim based on deficient medical care requires allegations that plaintiff had "an objectively serious medical condition" and defendant was "deliberate[ly] indifferen[t] to that condition," *i.e.*, realized that a substantial risk of serious harm to plaintiff existed but disregarded that risk).[3]

---

[3] Plaintiff fares no better if his claims are based on the County and/or Doscher's alleged failure to provide follow-up care more promptly because he does not allege that the time lapse caused any injury. *Cf. Williams v. Liefer*, 491 F.3d 710, 714-15 (7th Cir. 2007) ("In cases where prison officials delayed rather than denied medical assistance to an inmate, courts have required the plaintiff to offer verifying medical evidence that the delay (rather than the inmate's underlying condition) caused some degree of harm.") (quotation omitted).

**Conclusion**

For the reasons set forth above, the Court grants in part defendants' motion to dismiss [79] and dismisses without prejudice the denial-of-medical-care claims he asserts against the County and defendant Doscher. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to file an amended complaint that cures the defects identified herein, if he can do so and comply with Rule 11. If plaintiff fails to file an amended complaint by that date, these claims will be dismissed with prejudice.

**SO ORDERED.**     ENTERED:   September 14, 2020

_____

**M. David Weisman**
**United States Magistrate Judge**